# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHARLES DAVILA,<br><br>       Plaintiff,<br><br>  vs.<br><br>D. SMITH,<br><br>       Defendant. | 1:15-cv-00094 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

## I.      Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted."   28 U.S.C. §

3  1915(e)(2)(B)(ii).

4      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5  exceptions," none of which applies to section 1983 actions.  Swierkewicz v. Sorema N.A., 534

6  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

7  short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed.

8  R.Civ. P. 8(a).   "Such a statement must simply give the defendant fair notice of what the

9  plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

10  However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations."

11  Nietze v. Williams, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights

12  complaint may not supply essential elements of the claim that were not initially pled."  Bruns v.

13  Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting Ivey v.Bd. of Regents,

14  673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

16      Plaintiff, an inmate in the custody of the California Department of Corrections and

17  Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran

18  (SATF), brings this action against Dr. Davis Smith, M.D., employed by the CDCR at SATF.

19  Plaintiff's claim stems from the denial of adequate medical care.  Plaintiff's allegations stem

20  from the treatment of a wrist injury.

21      Although unclear from the allegations of the complaint, it appears that Plaintiff was sent

22  out for treatment for his wrist.  Attached as exhibits to his complaint are copies of Plaintiff's

23  medical record.[1]  Page 5 of Exhibit A,  dated June 21, 2013 and authored by Defendant,

24  indicates that "I had previously seen Mr. Davila back in August.  At that time, I had

25  recommended a fusion be done on his wrist.  He apparently went down to Tri-City and had it

---

[1]  **Error! Main Document Only.**The court is not required to accept as true conclusory allegations which are
contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.
2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

done in January but he is now experiencing some pain in the area of the plate and some swelling over the plate."  Defendant noted that the incision was well healed and there was no evidence of infection but there was some soft tissue swelling and tenderness overlying the plate.  Page 6 of Exhibit A, dated October 11, 2013, and authored by Defendant, indicates that Plaintiff's status was "post wrist fusion which I performed several months ago.  He is still experiencing some pain in the wrist area and also in his thumb.  He has also had a previous fusion of his thumb MP joint.  Plaintiff was seen two weeks later by Defendant, who noted that "at this point there is not much else to do since the plate is in place and the fusion is progressing.  I would like to just continue to monitor him, however."

In his complaint, Plaintiff alleges that he has had nine surgeries on his right hand over the past eight years.  He alleges that he is "still in persistent severe pain 24-7 that begins from his first metacarpal joint and continues through his index and thumb fingers."  Plaintiff has explained his condition "to his doctors," who have abused their authority in violation of the Americans With Disabilities Act.   Plaintiff conclusorily alleges that "after having gone through nine very painful surgeries to his right hand that unequivocally raised to the level of deliberate indifference to his current medical needs and wanton infliction of physical pain and mental suffering by the cutting and damage by Doctor M.D. Smith cause the damage and leaving broken hard ware [sic] in the body which cause infection."   Plaintiff alleges that he was injured due to the incompetency of "the CDCR and SATF's medical team that participated and performed the nine surgeries on Plaintiff right hand."

**Eighth Amendment**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a

court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). Liability may not be imposed under a theory of respondeat superior, and there must exist come causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Here, Plaintiff has failed to specifically link Defendant Smith to specific conduct indicating that he knew of and disregarded a serious medical condition of Plaintiff's. Plaintiff cannot allege deficient medical conduct in general, and hold Defendant Smith liable. Plaintiff alleges that his injuries have resulted from nine surgeries spaced over several years. Plaintiff also charges conduct as to "the medical team," but fails to allege any facts indicating that Dr. Smith was involved in any prior treatment.

Plaintiff is also advised that he cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). That is the case here. Plaintiff's central allegation is that he disagrees with the diagnosis of Dr. Smith. Plaintiff has not alleged facts indicating that a competent medical professional has diagnosed injury that has resulted from the conduct of Dr. Smith. Plaintiff's own exhibits indicate that Dr. Smith saw Plaintiff regularly, and noted that the fusion, although painful, was healing. Plaintiff has not alleged any facts indicating that Dr. Smith refused treatment for his pain, or in any way disregarded Plaintiff's medical condition.

In order to hold Dr. Smith liable, Plaintiff must allege facts suggesting deliberate indifference. Plaintiff must allege facts indicating that Dr. Smith was aware of a specific harm

to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here.  The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what Dr. Smith  did to violate the particular right described by Plaintiff.

**ADA**

The treatment of lack of treatment for Plaintiff's condition does not provided a basis upon which to impose liability.  Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005)(medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005)(medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)("The ADA does not create a remedy for medical malpractice.") .  Aside from Defendants' medical treatment decisions of which Plaintiff complains and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any named Defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him.  Therefore, Plaintiff fails to state a cognizable claim under Title II of the ADA.

**III.   Conclusion**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other

federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc</u>., 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 27, 2015**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE