UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVILA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. SMITH,<br><br>　　　　Defendant. | 1:15-cv-00094-LJO-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.　BACKGROUND**

Plaintiff Charles Davila ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 20, 2015. (ECF No. 1.) The Court[1] screened Plaintiff's initial complaint and dismissed it with leave to amend. (ECF No. 9.) Plaintiff filed an Amended Complaint on June 25, 2015, which is now before this Court for screening. (ECF No. 10.)

**II.　LEGAL STANDARDS FOR SCREENING PRISONER COMPLAINTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] All prior orders were issued by Magistrate Judge Gary S. Austin.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.    ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint is asserted against Defendant David G. Smith, a doctor at the Substance Abuse Treatment Facility.  Defendant has been treating Plaintiff's arm injury.  Defendant performed surgery on Plaintiff's arm, which included placing certain hardware in the arm.  Plaintiff alleges the hardware is broken and should be removed.  Plaintiff continues to suffer pain in his arm.  Defendant recommended monitoring the pain.  Plaintiff questions Defendant's competency in failing to correct the problem through multiple surgeries.  Attached to the Amended Complaint are medical notes and letters from Defendant, indicating that "I have reviewed his x-rays and also from June 5th which show the plate to be in satisfactory position and alignment seems to be satisfactory. . . . I would like him to leave the plate in and

we will continue to observe his condition but it is too early, in my opinion, to consider plate removal at this time." (ECF No. 10, p. 15.)  Plaintiff includes an x-ray and states that "the x-ray clearly shows the screw already broke off." (ECF No. 10, p. 16.)

Plaintiff asserts claims for negligence, intentional infliction of emotional distress, cruel and unusual punishment, and violation of the Americans with Disabilities Act ("ADA").

## IV. PRIOR SCREENING ORDER

The Court previously screened Plaintiff's original complaint, which alleged similar facts and included many if not all of the same exhibits in support of his complaint.

The Court set forth the legal standards for asserting an Eighth Amendment claim for deliberate indifference to serious medical needs. (ECF No. 9, p. 3-4). The Court then dimissed that cause of action with leave to amend because the facts alleged did not indicate that Defendant acted with deliberate indifference. (ECF No. 9, p. 4-5).

The Court then reviewed the standards for an ADA claim, and concluded, "Aside from Defendants' medical treatment decisions of which Plaintiff complains and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any named Defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him. Therefore, Plaintiff fails to state a cognizable claim under Title II of the ADA." (ECF No. 9, p. 5).

The Court then gave Plaintiff leave to amend with instructions.

## V. EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM

### a. Legal Standards

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care and is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton

infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

### b.    Analysis of Plaintiff's Allegations

The Court finds that Plaintiff has not stated a claim for deliberate indifference to his serious medical needs. Defendant has performed multiple surgeries on Plaintiff and evaluated him many times. It is clear that Plaintiff disagrees with the way these surgeries were performed and the prognosis, but that disagreement does not give rise to a constitutional violation. There are no facts alleged that would indicate that Defendant is being purposefully and deliberately indifferent to Plaintiff's medical needs. Given the failure to allege such facts after receiving detailed standards by the Court, the Court now recommends that this claim be dismissed with prejudice.

## VI.    AMERICANS WITH DISABILITIES ACT

### a.    Legal Standards

Title II of the ADA, 42 U.S.C. § 12101 et seq. prohibits discrimination on the basis of a disability in the programs, services or activities of a public entity. It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" encompasses state correctional facilities. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). The "ADA's broad language brings within its scope anything a public entity does," which "includes programs or services provided at jails, prisons, and any other custodial or correctional institution." Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) (internal quotation marks omitted).

The elements of a cause of action under Title II of the ADA are (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). The proper defendant in an ADA action is the public entity responsible for the alleged discrimination, not an individual officer.

The treatment or lack of treatment of Plaintiff's various medical conditions does not provide a basis upon which to impose liability under the ADA. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.")).

Plaintiff's allegations fail to set forth a violation of the ADA by Defendant. First of all, the individual Defendant is not a public entity. Second, Plaintiff has not alleged that he was excluded from participation in services because of a disability. Instead, Plaintiff alleges a denial of medical treatment, which is not cognizable under the ADA.

**VII.   STATE LAW CLAIMS**

Plaintiff brings claims in the Amended Complaint for negligence and intentional infliction of emotional distress, which are state torts. Plaintiff is advised that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Amended Complaint. Therefore, Plaintiff's claims for negligence and intentional infliction of emotional distress fail. These claims should be dismissed from this action without prejudice.

**VIII. CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed for failure to state a claim upon which relief may be granted under § 1983, with Plaintiff's federal claims dismissed with prejudice, and Plaintiff's state claims dismissed without prejudice;
2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2016**          /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE